# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 2, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DANIELE TUCKER,    * | UNPUBLISHED |
|                    * | |
|   Petitioner,      * | No. 17-566V |
|                    * | Special Master Gowen |
| v.                 * | |
|                    * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
|                    * | |
|   Respondent.      * | |
| * * * * * * * * * * * * * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 14, 2018, Daniele Tucker ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 48). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $24,884.52.

I.  **Procedural History**

On April 25, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the influenza ("flu") vaccine in September 2015, she suffered from a right shoulder injury. Petition at 1. On December 11, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

ECF No. 45.

On December 14, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Andrew Downing, in the total amount of $25,836.22, representing $22,789.50 in attorneys' fees and $3,046.72 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent reacted to the fees motion on December 21, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 48). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Andrew Downing, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2017, and $385.00 per hour for work performed in 2018; and for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2017 and $205.00 per hour for work performed in 2018. Fees App. at 33. Petitioner also requests that paralegals be compensated at $100.00 per hour for work performed in 2016 and $135.00 per hour for work performed in 2017-2018. *Id.* These rates are consistent with what the undersigned and other special masters have previously awarded Van Cott & Talamante attorneys and paralegals. *See Cowles v. Sec'y of Health & Human Servs.*, No. 16-1164V, 2018 WL 2772312 (Fed. Cl. Spec. Mstr. Apr. 26, 2018); *Carey v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018). Accordingly, no adjustment to the requested rates is necessary.

Turning next to the hours billed, I find that although the majority of the hours billed appear to be reasonable, a small reductions must be made to the overall award. Although the hours billed by the Petitioner's attorneys are reasonable, the hours billed by paralegal Danielle Avery require some adjustment. In a recent fees decision issued in *Butler v. Sec'y of Health & Human Servs.*, the

2

assigned special master reduced the total amount of time billed by Ms. Avery for two reasons – first, Ms. Avery billed time on administrative tasks such as scanning and bates stamping records and processing payments, and second Ms. Avery appeared to view 0.2 hours as the minimum amount of time she would bill regardless of task. *Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, slip op. at 4 (Fed. Cl. Spec. Mstr. Mar. 20, 2019).

Upon review of the submitted billing entries, I find the same issues to be present in this case. Ms. Avery has billed time for processing payments (examples on 12/2/16, 1/10/17, 8/16/17), bates stamping records (examples on 4/25/17, 5/3/17, 5/9/17), and has routinely billed 0.2 hours for all tasks, even those which, in my experience, should not take longer than 0.1 hours (for example, 0.2 hours to review the notice of assignment to Chief Special Master Dorsey on 4/26/17). As was done in *Butler*, I will therefore reduce the hours billed by Ms. Avery by 20% - the billing records indicate that Ms. Avery billed a total of 32.6 hours for a total of $4,243.50. Fees App. at 33. Accordingly, I will reduce the final amount of attorneys' fees awarded by **$848.70**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,046.72. The majority of this amount ($2,000.00) is for the expert services of Dr. Joanne Halbrecht, who submitted an expert report, while the balance is for acquiring medical records, copy and postage charges, and the Court's filing fee.

Because $2,000.00 is a reasonable amount in my experience for the production of an expert report and because Dr. Halbrecht's report no doubt played a valuable role in this case eventually reaching a settlement, I shall reimburse Petitioner for this cost. I note, however, that the documentation submitted supporting this cost is entirely deficient. Petitioner has only submitted the letter sent by her attorneys when payment to Dr. Halbrecht was made, along with a copy of the check. Pursuant to the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines"), "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." Guidelines at 66.[3] In the instant case, Petitioner did not submit *any* of the required information concerning Dr. Halbrecht's work – there is no indication of how much time she spent reviewing medical records and preparing her expert report, nor is there any indication as to how much she charged per hour for her work. Petitioner's counsel is warned that if insufficient proof of costs is submitted in future cases, it will result in reduction or non-payment of that cost in its entirety.

Also warranting reduction is petitioner's claimed expenses for ingoing and outgoing faxes. Petitioner's counsel has been notified previously that operating the office fax machine is part of a law office's general overhead and thus separate costs should not be charged to individual cases. *Sheridan,* 2019 WL 948371, at*3; *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Other special masters have also

---

[3] The Guidelines are available at:
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf.

held that costs associated with faxes are non-compensable. *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018). The total amount billed for sending and receiving faxes in the instant case is $103.00. Fees App. at 34. Accordingly, the award of attorneys' costs is reduced by **$103.00**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $22,789.50 |
|---|---|
| (Reduction of Fees) | - (848.70) |
| **Total Attorneys' Fees Awarded** | **$21,940.80** |
|  |  |
| Attorneys' Costs Requested | $3,046.72 |
| (Reduction of Costs) | - ($103.00) |
| **Total Attorneys' Costs Awarded** | **$2,943.72** |
|  |  |
| **Total Attorneys' Fes and Costs** | **$24,884.52** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $24,884.52, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Andrew Downing.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

          **s/Thomas L. Gowen**
          Thomas L. Gowen
          Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).